UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00410

**Phillip Lumar Lowe,**
*Plaintiff,*
v.
**TDCJ Coffield Unit et al.,**
*Defendants*

# ORDER

Plaintiff Phillip Lumar Lowe, an inmate confined within the Texas Department of Criminal Justice proceeding pro se and in forma pauperis, filed this case under 42 U.S.C. § 1983. The case was referred to a magistrate judge.

## I.

Plaintiff alleges that defendant Akpomuvwe "negligently" closed a steel door on his right hand/thumb, which resulted in broken bones, a trip to the hospital, and two surgeries. Doc. 7. He further claims that defendant attempted to bribe him with food so that he would not file a grievance—and that defendant threatened him. *Id*. Defendant Akpomuvwe moved to dismiss the complaint (Doc. 22) because plaintiff failed to allege a constitutional violation.

The magistrate judge issued a report recommending that the court grant defendant's motion and dismiss plaintiff's claims with prejudice. The magistrate judge determined that plaintiff presented a negligence claim and that verbal threats and intimidation do not amount to a constitutional violation.

Plaintiff filed timely objections. Doc. 43. The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Plaintiff's objections are meritless.

## II.

Plaintiff's objections, read charitably, are that he never "waived" his right to proceed before a magistrate judge, that he has sustained serious injuries, and that the defendant did not verbally shout "clear" while shutting the steel door that injured his hand.

As an initial matter, a district judge may refer pre-trial matters to a magistrate judge without the consent of the parties. *Newsome v. E.E.O.C.*, 301 F.2d 227, 230 (5th Cir. 2002). Therefore, plaintiff's objection, that he did not "waive" his right to proceed before a magistrate judge, fails.

Additionally, the severity of his injury is legally unimportant at this stage. The number of hand surgeries he has undergone is irrelevant to the question of whether he has stated a claim that can survive the motion to dismiss stage.

Further, plaintiff's objection that defendant failed to verbally shout "clear" when the prison cell door was closing bolsters the magistrate judge's recommendation. This alleged failure suggests negligence rather than an intentional action taken by the defendant. Mere negligence by a prison official does not constitute a constitutional violation. *Stuart v. Hammond*, 218 F.3d 744, 2000 WL 821638, at *1 (5th Cir. 2000) (unpublished table decision).

Plaintiff's pleadings indicate that defendant's actions were nothing more than an accident, which cannot support a constitutional claim. *See*, *e.g.*, *Hawkins v. Barclay*, No. 4:09-cv-00150, 2009 WL 2615651, at *2 (S.D. Tex. Aug. 24, 2009) ("In fact, plaintiff states in his More Definite Statement that the officials were merely negligence in the way they handled the doors on this one occasion," which "is not cognizable under § 1983.").

For the reasons given above, the court accepts the magistrate judge's report and overrules plaintiff's objections, Doc. 43. Defendants' motion to dismiss (Doc. 22) is therefore granted and plaintiff's motion for summary judgment (Doc. 35) is denied. Plaintiff's claims are dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on August 28, 2026.*

J. CAMPBELL BARKER
United States District Judge